Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001340
13-MAY-2015
10:15 AM

NO. CAAP-14-0001340

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TITLE GUARANTY ESCROW SERVICES, INC., a Hawai'i corporation,
Plaintiff-Appellee,
v.
MICHAEL J. SZYMANSKI,
Defendant/Cross-Claim Plaintiff/
Cross-Claim Defendant/Third-Party Plaintiff/
Third-Party Counterclaim-Defendant/Appellant,
and
WAIALEA RESORT COMPANY, LTD., a Hawai'i corporation,
Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff/Appellee,
and
ADOA-SHINWA DEVELOPMENT CORPORATION, a Hawai'i corporation;
SHINWA GOLF HAWAI'I CO., LTD., a Hawai'i corporation,
Third-Party Defendants/Third-Party Counterclaim-
Plaintiffs/Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50,
Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 02-1-0352(2))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant/Cross-Claim Plaintiff/ Cross-Claim Defendant/Third-Party Plaintiff/Third-Party Counterclaim-Defendant/Appellant Michael J. Szymanski's (Appellant Szymanski) appeal from the Honorable Peter T. Cahill's November 24, 2014 judgment, because the November 24, 2014 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2014), Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The rules of court require that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

-2-

> if a judgment purports to be the final judgment in a case
> involving multiple claims or multiple parties, the judgment
> (a) must specifically identify the party or parties for and
> against whom the judgment is entered, and (b) must (i)
> identify the claims for which it is entered, and
> (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

When interpreting the requirements for an appealable final

judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court

of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted;

original emphasis). "[A]n appeal from any judgment will be

dismissed as premature if the judgment does not, on its face,

either resolve all claims against all parties or contain the

finding necessary for certification under HRCP [Rule] 54(b)." Id.

(original emphasis).

The circuit court initially attempted to resolve all

claims against all parties in this case through three separate

judgments:

(1)  a March 20, 2003 HRCP Rule 54(b)-certified
     judgment as to one or more but fewer than all
     claims or parties;

(2)  an April 20, 2004 HRCP Rule 54(b)-certified
     judgment as to one or more but fewer than all
     claims or parties; and

(3)  a July 28, 2010 judgment as to all remaining
     claims.

However, on October 24, 2013, the Hawai'i Intermediate Court of

Appeals entered a summary disposition order in appellate court case number 30697 that vacated the July 28, 2010 judgment and remanded this case to the circuit court for further proceedings. On remand, the circuit court purported to resolve all of the remaining claims by entering the subsequent November 24, 2014 judgment. Nevertheless, the November 24, 2014 judgment neither resolves all remaining claims nor does it contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). For example, the November 24, 2014 judgment does not expressly enter judgment on or dismiss Third-Party Defendants/Third-Party Counterclaim-Plaintiffs/Appellees Adoa-Shinwa Development Corporation and Shinwa Golf Hawaii Co., Ltd.'s, November 7, 2002 counterclaim against Appellant Szymanski. Instead, the November 24, 2014 judgment provides that "[a]ny remaining claims . . . including that Counterclaim filed on November 7, 2012 [sic],[1] have been dismissed." That particular sentence does not contain operative language that actually dismisses the counterclaim, but, instead, that sentence appears to merely refer to a prior dismissal order somewhere else in the record. "A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings." HRCP Rule 54(a); see also Jenkins, 76 Hawai'i at 118, 869 P.2d at 1337. Furthermore, the November 24, 2014 concludes with a statement that "[u]pon entry of this Final

---

[1] Third-Party Defendants/Third-Party Counterclaim-Plaintiffs/Appellees Adoa-Shinwa Development Corporation and Shinwa Golf Hawaii Co., Ltd., actually asserted their counterclaim against Appellant Szymanski ten years earlier, on November 7, 2002.

Judgment as to All Claims and Parties, all claims by and against all parties will have been resolved, and <u>there will be no remaining claims</u> or parties." (Emphasis added). The Supreme Court of Hawai'i has explained that

> <u>[a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example,</u> "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "<u>all other claims, counterclaims, and cross-claims are dismissed</u>."

<u>Jenkins</u>, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). Because the November 24, 2014 judgment does not, on its face, resolve all remaining claims against all parties, the November 24, 2014 judgment fails to satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in <u>Jenkins</u>. We lack appellate jurisdiction over appellate court case number CAAP-14-0001340.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001340 is dismissed.

DATED: Honolulu, Hawai'i, May 13, 2015.

Presiding Judge

Associate Judge

Associate Judge

-5-